**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                  **Plaintiff,**

                                          **15-CR-88A**

       **-v-**

**JOHN VILLEGAS,**

                  **Defendant.**
_____

## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. Richard J. Arcara,

in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report

on dispositive motions.  Dkt. #9.

## PRELIMINARY STATEMENT

        The defendant, John Villegas ("the defendant"), is charged along with his

co-defendant Xenia Leon-Becerril in a two-count Superseding Indictment with having

violated Title 21 U.S.C. Sections 841(a)(1), 841(b)(1)(B), 846 and Title 18 U.S.C. § 2.

Dkt. Nos. 18, 24.  The defendant has filed an omnibus discovery motion wherein he

seeks production and disclosure of various items and information from the government

and an identity hearing.  Dkt. #15.  The government has filed a response to these

demands.  Dkt. #44.  At a proceeding on October 19, 2016, this Court deemed Mr.

Villegas' omnibus motions submitted on the papers.  The following constitutes this

Court's ruling on each of the defendant's requests.

## DISCUSSION AND ANALYSIS

### 1.  Suppression of Statements, Dkt. #15, p. 3

The defendant states that "voluntary discovery has not revealed that statements attributed to Mr. Villegas were obtained by law enforcement personnel effectuating his arrest."  Dkt. #15, p. 3.  He moves to reserve his right to file a motion if subsequent discovery reveals that Mr. Villegas made statements under such circumstances.  This request is GRANTED.

### 2.  Statements of Co-Conspirators, Dkt. #15, p. 4

At this juncture, the government has not represented that there are statements made by the defendant's non-testifying co-defendants/co-conspirators which it intends to use at trial.  Therefore, defendant's request to bar the admission of any such statement is DENIED without prejudice as being premature.

### 3.  Request for a Bill of Particulars, Dkt. #15, p. 4

The function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged.  *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *Wong Tai v. United States*, 273 U.S. 77 (1927).

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars rests within the sound discretion of the district court."  *United*

> *States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing
> *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.),
> *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474
> (1980)); *see also Bortnovsky*, 820 F.2d at 574.  "Acquisition
> of evidentiary detail is not the function of the bill of
> particulars."  *Hemphill v. United States*, 392 F.2d 45, 49 (8th
> Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d
> 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004).

The charges in the Superseding Indictment, along with the discovery materials provided or to be provided by the government, clearly inform the defendant of the essential facts of the crimes charged.  As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.  The defendant's request is DENIED.

### 4.  Identity of Informants, Dkt. #15, pp. 5-10

The defendant requests that the government be directed to identify (and produce) "any and all informants possessing information which may be material to defendant's alleged guilt or innocence" and/or who was present at any of the events described in the Superseding Indictment.  Dkt. #15, p. 6.  The defendant also requests that any reports containing information from any such informant also be disclosed. However, beyond citing to the inherent unreliability of informant testimony generally, the defendant has failed to sufficiently state a basis for compelling the government to

disclose this information.  Therefore, the Second Circuit Court of Appeals' decision in

*United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989),

compels this Court to deny the defendant's request.  As the *Saa* Court held:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628.
>
> The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628.  What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.*  Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id. See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir.

1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973).

In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin.  The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. **But disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense.**  *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lilla*, 699 F.2d at 105.  As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, **it is not sufficient to show that the informant was a participant in and witness to the crime charged.**

In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case." 789 F.2d at 170.

*Saa*, 859 F.2d at 1073 (emphasis added); *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

Since the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is DENIED.

### 5.   Defendant's Request for Rule 16 Materials, Dkt. #15, pp. 10-16

The government represents that it has provided or will provide any materials within the purview of Rules 16 and 12(b)(4)(B) of the Federal Rules of Criminal Procedure.  Dkt. #44, pp. 2-3.  Therefore, this request is DENIED as moot.

### 6.   Defendant's Request for Statements, Dkt. #15, p. 12

The government contends that all written and recorded statements of defendant have been provided or will be provided.  Therefore, this request is DENIED as moot.

### 7.   Defendant's Request for Copies of His Prior Criminal Record, Dkt. #15, pp. 12-13

The government has agreed to provide the defendant with his arrest record.  Therefore, this request is DENIED as moot.

### 8.   Defendant's Request for Documents and Tangible Objects, Dkt. #15, p. 13

The government contends that it has made available "all tangible objects obtained pursuant to search warrants or otherwise and will make available photographs material to the preparation of a defense or intended to be used as evidence-in-chief at trial or obtained from or belonging to the defendant."  Dkt. #44, p. 3.  Therefore, the defendant's request is DENIED as moot.

### 9.  Defendant's Request for Copies of Search Warrants and Applications and Inventories of Items Seized, Dkt. #15, pp. 13-14

It appears that the government has turned over discovery related to the search of the subject parcel and the residence at "36 Hoffman Street" on December 12, 2014.  To the extent that any discovery related to any searches or seizures has not been disclosed, the defendant's request is GRANTED and the government is directed to turn such materials over to the defendant.

### 10.  Defendant's Request for Evidence Relating to His Identification, Dkt. #15, p. 14

The defendant requests "notification of whether any evidence to be offered at trial relates to or is derived from an identification of defendant Villegas' person, voice, handwriting, his picture and/or composite sketch purporting to embody his facial features."  Dkt. #15, p. 14.  From the government's response to defendant's request for an identification hearing (Dkt. #44, p. 15-17), it appears that the government has disclosed the circumstances under which defendant was identified on December 12, 2014.  To the extent that the government intends to offer at trial any other evidence relating to defendant's identification, it is directed to disclose to defendant the date, time, and place where the identification occurred and the circumstances of the identification proceeding.  In this regard, the defendant's request is GRANTED.

### 11.  Defendant's Request for Reports of Examinations and Tests, Dkt. #15, p. 15

The government states that it has made available to the defendant "the results and reports of physical and mental examinations and of scientific tests and experiments made in connection with the case."  Dkt. #44, p. 3.  Based on this representation, the defendant's request is DENIED as moot.

### 12.  Defendant's Request for Production of *Brady, Jencks,* and *Giglio* Material, Dkt. #15, pp. 15-23

The defendant has made a broad request for any and all materials and/or information that would be "exculpatory" to the defendant.  The government has acknowledged its responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *Jencks v. United States*, 353 U.S. 657 (1957).  Dkt. #44, pp. 6-7.  The government has represented that at this time, it is not in possession of any "exculpatory" material.  As a result of these representations, the defendant's request for *Brady, Giglio,* and *Jencks* materials is DENIED.  However, the government is directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001), and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007), by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Coppa*, 267 F.3d at 146.  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Coppa*, 267 F.3d at 144.  With

respect to impeachment material that does not rise to the level of being *Brady* material,

such as *Jencks* statements, the prosecution is not required to disclose and turn over

such statements until after the witness has completed his direct testimony.  *See* 18

U.S.C. § 3500; Fed.R.Crim.P. 26.2; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  If

the government has adopted a policy of turning such materials over to the defendant

prior to trial, however, the government shall comply with that policy; or in the alternative,

produce such materials in accordance with the scheduling order issued by the trial

judge.


      **13.  Defendant's Request for Disclosure of Evidence Pursuant to Rules 404(b), 608, and 609 of the Federal Rules of Evidence, Dkt. # 15, pp. 31-32.**

Rule 404(b) only requires that "the prosecution. . . provide reasonable

notice in advance of trial. . . of the *general* nature of any such evidence it intends to

introduce at trial."  F.R.E. 404(b) (emphasis added).  This has been done, and as a

result, defendant's request on this issue is DENIED as moot.


The issue of admissibility of such evidence, as raised in the defendant's

request, is best left to the determination of the trial judge at the time of trial.


Rule 608 of the Federal Rules of Evidence does not contain a required

pretrial notice as set forth in Rule 404(b).  Therefore, there is no requirement on the part

of the government to make any disclosure of evidence, or its intent to use evidence at

the trial pursuant to Rule 608 at this time.  Therefore, defendant's request in this regard is DENIED.

### 14.  Defendant's Request for Disclosure of Witness Statements, Dkt. #15, pp. 33-34

The government has agreed that it "will disclose written statements of witnesses and investigative agency or police department memoranda of interviews with witnesses." Dkt. #44, p. 4.  Based on this representation, the defendant's request is DENIED as moot.

### 15.  Defendant's Request for Preservation of Rough Notes, Dkt. #15, pp. 33-34

The government has responded to this request by stating that it "will endeavor to maintain such [rough notes], if they exist." Dkt. #44, p. 4.  Therefore, defendant's request is DENIED as moot.

### 16.  Defendant's Request for Production of Grand Jury Minutes, Dkt. #15, p. 34

The defendant has moved, pursuant to Rule 6(e)(3)(C)(I) of the Federal Rules of Criminal Procedure "for the disclosure of transcripts of all testimony before and all exhibits considered by the grand jury that indicted" the defendant.  Dkt. #15, p. 34.  In support of this request, the defendant merely asserts that he "has a particularized need for the transcripts" because he "is the subject of a bare bones Indictment," which does not state any particular acts he allegedly committed.  Dkt. #15, p. 34.

It is a long-established rule that "[t]he burden . . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the policy of secrecy." *Pittsburgh Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959).  Defendant's asserted "particularized need" is legally insufficient to compel the disclosure of the grand jury minutes.   As previously noted herein, the charges in the Superseding Indictment, along with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged.  As a result, the defendant is not entitled to breach the policy of secrecy in the grand jury process at this juncture.  The defendant's request is therefore DENIED.  In rendering this decision, this Court reminds the government that it must make available to the defendant the transcripts of grand jury testimony of government witnesses called to testify at trial pursuant to and in accordance with 18 U.S.C. § 3500.

### 17.  Defendant's Request for an Identification Hearing, Dkt. #15, p. 38-39

The defendant asks for a hearing "with regard to identification procedures utilized by the law enforcement personnel upon entering into and speaking with the residen[ts] at 36 Hoffman Street" on December 12, 2014. Dkt. #15, p. 38.  The defendant contends that the identification procedure was "suggestive" because witnesses were shown only one photograph – that of the defendant – and the witnesses identified him.  What the defendant fails to mention is that the three "witnesses" who "identified" the defendant from his photograph were his wife's cousin, her husband, and the defendant's own cousin, all persons with whom the defendant had a pre-existing relationship.  Dkt. #44, p. 16.  According to the government, each of these witnesses

"previously knew [the defendant] by name, relationship and by his nickname 'Shampoo.'"  Dkt. #44, p. 16.

Prior identifications generally are admissible under Rule 801(d)(1)(C) of the Federal Rules of Evidence as non-hearsay evidence.  *See United States v. Simmons*, 923 F.2d 934, 950 (2d Cir. 1991).  At the same time, "[a] defendant has a due process right not to be the object of suggestive police identification procedures that create a very substantial likelihood of irreparable misidentification."  *United States v. Concepcion*, 983 F.2d 369, 377 (2d Cir. 1992) (internal quotations omitted); *see also United States v. Thai*, 29 F.3d 785, 808 (2d Cir. 1994); *Neil v. Biggers*, 409 U.S. 188, 198 (1972).  As the government noted, these suggestive identification procedure cases "generally concern the reliability of identifications based on stranger to stranger interactions which often occurred under difficult or traumatic conditions for the witness."  Dkt. #44, pp. 15-16.

"It is the reliability of identification evidence that primarily determines its admissibility."  *Watkins v. Sowders*, 449 U.S. 341, 347 (1981); *see also Manson v. Brathwaite*, 432 U.S. 98, 114 (1977) (holding that reliability is the lynchpin in determining the admissibility of identification testimony).  To determine the reliability of a pretrial identification, the Court of Appeals for the Second Circuit has set forth a two-step inquiry:

> The first question is whether the pretrial identification
> procedures were unduly suggestive of the suspect's guilt . . .

> If the pretrial procedures were unduly suggestive, the
> analysis requires a second step; the court must then weigh
> the suggestiveness of the pretrial process against factors
> suggesting that an in-court identification may be
> independently reliable rather than the product of the earlier
> suggestive procedures.

*United States v. Maldonado-Rivera*, 922 F.2d 934, 973 (2d Cir. 1990). That is, a court

"will exclude a pre-trial identification only if it was *both* produced through an

unnecessarily suggestive procedure *and* unreliable." *United States v. Bautista*, 23 F.3d

726, 729-30 (2d Cir. 1994). Where a trial witness' identification stems from an

independent basis in memory rather than a tainted out-of-court identification, his or her

testimony may be admitted. *United States v. Bubar*, 567 F.2d 192, 197 (2d Cir. 1997)

(citing *Brathwaite*, 527 F.2d at 367, n.6).


As an initial matter, this Court notes that the challenged "identification

procedure" involved the defendant's own relatives confirming that the person to whom

they were referring was the man depicted in the agents' photograph – John Villegas

a/k/a "Shampoo." Unlike a circumstance where a victim is identifying a stranger-

perpetrator from a line-up or photo array, there was little chance of the defendant's

relatives erroneously identifying him. Even if the identification was unnecessarily

suggestive, each witness had an obvious independent basis for his or her identification,

namely, a preexisting familial relationship with the defendant. For these reasons, the

defendant's request for an identification hearing is DENIED.

### 18.   Defendant's Request to Voir Dire Government
### Experts Outside the Presence of the Jury, Dkt. #15, pp. 39-40

The defendant requests an order pursuant to Rule 104 of the Federal

Rules of Evidence permitting him to "*voir dire* any proposed government experts at trial

outside the presence of the jury."  Dkt. #15, p. 39.  This motion is premature and is best

left for determination by the trial judge.  Therefore, the motion is DENIED without

prejudice to the defendant's right to make it before the trial judge.

### 19.   Defendant's Request for Leave to Make Other Motions,
### Dkt. #15, p. 40

The defendant requests permission to file additional motions "which may

be necessitated by due process of law, by the Court's ruling on the relief sought herein,

by additional discovery provided by the government, or investigation made by the

defense, and/or any information provided by the government in response to the

defendant's demands."  Dkt. #15, p. 40.  This request is GRANTED subject to its stated

limitations.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the

Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and

Order in accordance with 28 U.S.C § 636(b)(1), Fed.R.Crim.P. 58(g)(2)(B), and Rule 59

of the Local Rules of Criminal Procedure for the Western District of New York ("Local Rule Crim. Pro. 59").  Generally, "[w]hen a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision." *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988) (internal citations omitted).

All orders of the Magistrate Judge authorized by 28 U.S.C. § 636(b)(1)(A) shall be final unless a party timely files written objections.  "The specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to law shall be clearly set out in the objections."  Local Rule Crim. Pro. 59(c)(1).

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).  To ensure compliance, Local Rule Crim. Pro. 59 requires that "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge."

**Failure to comply with the provisions of Local Rule Crim. Pro. 59, may result in the District Judge's refusal to consider the objection.**


DATED:      December 2, 2016
              Buffalo, New York



*S/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**